# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PONDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No.  04-0859-CV-W-ODS-P |
| | ) | |
| GARY KEMPKER, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS

Petitioner, Michael Ponder, filed this pro se habeas corpus petition pursuant to 28 U.S.C. §

2254 on September 22, 2004, seeking to challenge his 1997 convictions and sentences for two counts of

statutory rape, which were entered in the Circuit Court of Moniteau County, Missouri.  As the Court

understands petitioner's petition,[1] he appears to raise four grounds for relief: (1) ineffective assistance of

trial counsel for failing to present evidence of the victim's motive, which was manifested in the "Coffelt"

note; (2) ineffective assistance of counsel for failing to retain a rebuttal witness; (3) petitioner's right to a

fair trial was violated because the State presented tainted medical evidence against petitioner and because

the trial transcript ("Missing #2 file") was not made available to petitioner for use on direct appeal or post-

conviction appeal; and (4) post-conviction relief court error for denying petitioner's pro se motion to stay

the proceedings for the purpose of allowing petitioner to present additional evidence.

Respondent concedes exhaustion, but contends that Ground 1 is without merit, that Grounds 2 and

---

[1] Petitioner's claims, as originally set out in his petition, were difficult to discern.  However, petitioner has clarified his claims in his reply to respondent's response. (Doc. No. 17).  Therefore, the Court relies on this clarification for its restatement of petitioner's grounds for relief.

3 are procedurally defaulted, and that Ground 4 is not cognizable on habeas corpus review.

On direct appeal, the Missouri Court of Appeals summarized the facts as follows:

> In the spring of 1991, E.C. lived in California, Missouri, with her two daughters, S.C. and M.C., who were fifteen and eleven years of age, respectively. On the weekends, E.C. worked at a local café. Because S.C. was often out with her cousins, M.C. stayed at home alone until E.C. returned from work, usually around 9:30 or 10:00 p.m.
>
> In the summer of 1990, E.C. began dating Mr. Ponder. Mr. Ponder, who was a Holts Summit police officer at the time, occasionally waited with M.C. at her residence until E.C. arrived home from work. On two Friday nights around Easter in 1991, while Mr. Ponder and M.C. waited for E.C. to arrive home from work, Mr. Ponder raped M.C. on the living room couch. During one of the incidents, Mr. Ponder placed his hand over her mouth, pulled down his pants, and stated that she would "like it." Mr. Ponder also told M.C. that if she told anyone of the incident, no one would believe her because he was a police officer and she was only eleven years old. The second rape occurred a few weeks after the first.
>
> M.C. did not tell her mother about the rapes because she was embarrassed and afraid that her mother would not believe her. However, in January 1994, M.C. wrote a note stating that Mr. Ponder had hurt her and sent it to Susan Williams, the assistant elementary principle and special services director at M.C.'s school. After receiving the note, Ms. Williams met with M.C. to discuss its contents and obtain additional information. Following the meeting, Ms. Williams reported the incidents to the child abuse hotline. Ms. Williams also made arrangements for M.S. to speak with the school counselor, a representative of the Division of Family Services, and Sonny Connel, a member of the local police force. Ms. Williams also informed E.C. of the rapes.
>
> On January 10, 1995, Mr. Ponder was charged with three counts of rape and one count of sodomy. The State dismissed one rape count and the sodomy count. The case proceeded to trial on October 11, 1996.
>
> At trial, the State called Brian Conley, a pediatrician and certified sexual assault forensic exam physician. M.C. had been referred to Dr. Conley by the Division of Family Services. Dr. Conley testified that, on February

-2-

11, 1994, he examined M.C. and noticed old tears and scar tissue around her hymen. Dr. Conley testified that these injuries were consistent with penetration and not consistent with injuries associated with tampon use or riding horses or bicycles. Furthermore, Dr. Conley noted that M.C. was not sexually active prior to his examination.

Following a trial, a jury found Mr. Ponder guilty of both counts of rape.

(Respondent's Exhibit "E," pp. 2-3).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[2]  Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

### GROUND 1 - INEFFECTIVE ASSISTANCE OF COUNSEL

In Ground 1, petitioner alleges his trial counsel was ineffective for failing to prepare, investigate, and present evidence of the victim's motive, which is allegedly contained in the "Coffelt" note. In order to succeed on a claim of ineffective assistance of direct appeal counsel, petitioner must establish that: (1) his counsel's performance was unreasonable as viewed in the totality of the circumstances; and (2) his defense

---

[2]In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

-3-

was prejudiced by counsel's action in that there is a reasonably probability that, but for counsel's unprofessional acts, the result of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 694-95 (1984); Schaeffer v. Black, 774 F.2d 865, 867 (8th Cir. 1985). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., Strickland v. Washington, 466 U.S. at 687-90. Judicial scrutiny of counsel's performance must be highly deferential, id. at 689, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

On appeal from the denial of petitioner's Rule 29.15 motion, the Missouri Court of Appeals rejected this ground as follows:

> Ponder contends the motion court erred in denying his Rule 29.15 motion because but for his trial counsel's ineffectiveness the jury would have acquitted him on both counts of rape. Ponder argues his counsel was ineffective in: (1) failing to impeach M.C. with her repudiated statements about an alleged witness to a fondling incident; (2) failing to investigate M.C.'s motive to lie about the rape in order to avoid punishment for her bad grades; (3) failing to object to the State's cross-examination of Ponder concerning a police department gun he pawned while employed as a police officer.
>
> ***
>
> The motion court properly denied postconviction relief because Ponder failed to overcome the presumption that his trial counsel made all significant decisions in the exercise of professional judgment. Rather than call his counsel as a witness to explain her trial preparation and conduct, Ponder elected not to present any evidence at the rule 29.15 hearing and instead relied solely [on] his deposition testimony and the trial transcript to demonstrate counsel's ineffectiveness. Ponder's self-serving allegations and the transcript were insufficient to rebut the presumption that his trial counsel's actions had a strategic purpose.
>
> The motion court also denied two of Ponder's Rule 29.15 claims because he failed to show that he was prejudiced by counsel's conduct. The court

-4-

found:

*\*\**

> Movant next alleges that his counsel was ineffective for not admitting evidence as to when basketball season commenced which coincided with when grades were released to prove a motive of the victim to lie; i.e., that her grades were bad and she would not be able to play basketball unless she could convince the school otherwise. The Court finds that even if this had been admitted it would not have produced a different result at trial.

Our review of the record supports the motion court's conclusion that Ponder was not prejudiced by the alleged errors of counsel because there was sufficient evidence of his guilt on the rape charges. The victim, M.C., testified that Ponder had sexual intercourse with her on two Friday nights around Easter in 1991. She said Ponder warned her that no one would believe her if she reported the incidents because he was a police officer and she was only eleven years old. Dr. Brian Conley testified that M.C. had old scars and tearing to her hymen that were consistent with penetration. He noted that these were neither fresh injuries nor the type of injuries that can occur through tampon use, horseback riding, or bicycle riding. Based on his examination, Dr. Conley concluded that M.C. had not been sexually active with anyone in the time since the incidents which caused her hymenal injuries.

The outcome of the trial would not have been affected by any of the evidence which Ponder claims his counsel should have introduced. None of the evidence was directly related to Ponder's guilt or innocence on the rape charges.

(Respondent's Exhibit "K, p. 2-6) (citations omitted).

The resolution of petitioner's first ground for relief by the state courts did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

-5-

28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Terry Williams v. John Taylor, 529 U.S. 362, 412-13 (2000).[3]   Applying the Strickland standard of review to the facts as set forth in the record, the Court finds that trial counsel was not ineffective.

Ground 1 is denied.

## GROUNDS 2 & 3 - PROCEDURAL DEFAULT

In Ground 2, petitioner alleges that his trial counsel was ineffective for failing to retain an expert witness who could rebut the State's expert medical testimony.  In Ground 3, petitioner alleges that the state presented tainted medical evidence because it was impossible for the victim to have been raped on a white couch without leaving physical evidence behind.  Petitioner also alleges in Ground 3, that his right to a fair trial was violated because the trial transcript ("Missing #2 file") was not made available to him on direct appeal or on post-conviction appeal.  Respondent contends that Grounds 2 and 3 are procedurally defaulted because petitioner failed to raise them on direct appeal or on post-conviction appeal.  The record reflects that respondent is correct.

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the

---

[3]According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-13.

Case 4:04-cv-00859-ODS   Document 18   Filed 08/26/05   Page 6 of 11

claims will result in a fundamental miscarriage of justice.

Id. at 750. Cause, actual prejudice, and the probability of a "fundamental miscarriage of justice" are to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v. Carrier, 477 U.S. 478 (1986). Coleman, 501 U.S. at 748-50.

Petitioner failed to raise Grounds 2 and 3 either on direct appeal or on appeal from the denial of his Rule 29.15 motion for post-conviction relief. (See Respondent's Exhibit "E," pp. 1-2; Respondent's Exhibit "K," pp. 2-3). Consequently, these grounds for relief are procedurally defaulted and may not be reviewed by this Court unless petitioner can demonstrate cause and actual prejudice, or that failure to consider his claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). This Court will not reach the "prejudice" component of the analysis unless it first finds that the petitioner has demonstrated "cause" for his procedural default.

In his reply, petitioner does not address respondent's contention that Grounds 2 and 3 are procedurally defaulted and therefore has failed to show cause for his procedural default. (See Doc. No. 17). Even though petitioner has failed to demonstrate cause (and, therefore, we do not consider prejudice) for his procedural default, the Court can still reach the merits of his claims if he can show that he is "probably actually innocent" of the crimes for which he was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). To demonstrate his innocence, petitioner must satisfy a two-part test: First, he must support his allegations of constitutional error "with new reliable evidence. . . that was not presented at trial." Second, he must establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id., citing Schlup v. Delo, 513 U.S. 298 (1995).

Petitioner asserts his actual innocence and claims that the rapes were impossible because there was no physical evidence of rape on the couch which the rapes occurred on. Petitioner has submitted the sworn deposition of Dr. William Cravens, who testified that it was impossible for an eleven year old to be raped on a white couch without some sort of staining. (See Petitioner's Exhibit "O"). However, petitioner has not presented "new reliable evidence. . . that was not presented at trial," as required by Bowman v. Gammon, supra.

The transcript of petitioner's trial reflects that both the victim and the victim's mother were questioned about whether or not there were stains, blood or otherwise, on the white couch where the rapes occurred. The victim's mother testified that she did not see any bloodstains or other unusual stains on the couch around the time the rapes occurred. (Respondent's Exhibit "A-1," p. 186). The victim testified that she did not know if there were any stains on the white couch as a result of the two rapes. (Id. at p. 122). Furthermore, the State's expert witness was questioned on cross examination about whether or not there would be bleeding from an eleven year old rape victim, to which he replied "yes." (Id. at 201). In fact, defense counsel argued the issue of blood evidence on the couch during his closing argument. (Respondent's Exhibit "A-2," p. 305).

Petitioner has failed to show cause for and prejudice from his default of Grounds 2 and 3. He also has failed to meet the Schlup standard for actual innocence. Id. Therefore, federal review of these allegations is not required to prevent a fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. at 495.

Grounds 2 and 3 are denied.

### GROUND 4 - NON-COGNIZABLE CLAIMS

-8-

In Ground 4, petitioner alleges that the post-conviction relief court erred when it denied petitioner's pro se motion to stay the proceedings so that petitioner could present the testimony of his own expert witness. Respondent contends that this ground for relief is not cognizable on habeas corpus review.

Because "there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990), citing Williams v. State of Missouri, 640 F.2d 140, 143-44 (8th Cir.), cert. denied, 451 U.S. 990 (1981). Therefore, Ground 4 is not cognizable on federal habeas review.

Ground 4 is denied.

## MOTION FOR LEAVE TO AMEND

On November 4, 2004, petitioner filed a "Motion to File Amended Petition," which incorporated his proposed amended ground for relief. (Doc. No. 10). Respondent has filed a response to that motion (Doc. No. 14) and petitioner has filed a reply thereto (Doc. No. 16). Petitioner's proposed amendment appears to raise one ground for relief, which is that his sentence is improper under the recent rulings of Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296, (2004). Respondent contends that petitioner's proposed amendment should be denied as futile because petitioner's new ground for relief is procedurally defaulted and, alternatively, that petitioner's ground for relief is without merit.

Although "leave [to amend] shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), amendment in this case would be futile because Apprendi and Blakely have been held not to apply

retroactively on collateral review. See United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001) (holding

that Apprendi does not apply retroactively in collateral proceedings); Never Misses a Shot v. United

States, 413 F.3d 781, 783 (8th Cir. 2005) ("New procedural rules generally do not apply retroactively

unless the rule is of 'watershed' magnitude implicating 'the fundamental fairness and accuracy of the criminal

proceeding,' or unless the rule prevents the lawmaking authority from criminalizing certain kinds of conduct)

[citing Schriro v. Summerlin, 542 U.S. 348 (2004)]; Mack v. Mcfadden, 2005 U.S. Dist. LEXIS 9702

(E.D. Mo. 2005) (holding that until the Supreme Court holds otherwise, Blakely is not retroactive).

Consequently, petitioner's motion for leave to file an amended petition will be denied.

Accordingly, it is **ORDERED** that:

(1) petitioner's "Motion to File Amended Petition" (Doc. No. 10) is denied;

(2) the above-captioned petition for writ of habeas corpus is denied; and

(3) this case is dismissed with prejudice.


      /s/ Ortrie D. Smith
      ORTRIE D. SMITH
      UNITED STATES DISTRICT JUDGE

Kansas City, Missouri

Dated:   8/26/05

Case 4:04-cv-00859-ODS   Document 18   Filed 08/26/05   Page 10 of 11

Case 4:04-cv-00859-ODS   Document 18   Filed 08/26/05   Page 11 of 11